UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| June Knauf<br>405 Hanover Court<br>Wayne, PA 19087<br><br>              Plaintiff<br><br>v.<br><br>Richard Robert Stravato<br>487 Hoyt Street<br>Darien CT, 06820<br><br>And<br><br>The Hertz Corporation<br>8501 Williams Road<br>Estero, FL 33928<br>              Defendants | : : : : : : : : : : : : : : : : : : : | #_____ |

## COMPLAINT

### PARTIES

1. Plaintiff, June Knauf, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Richard Robert Stravato, is a resident of the State of Connecticut, residing at the address listed in the caption of this Complaint.

3. Defendant, The Hertz Corporation, is a corporate entity authorized to conduct business in the State of Florida, with a business address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, June Knauf, is a citizen of Pennsylvania and the Defendant, Richard Robert Stravato, is a citizen of Connecticut, and the Defendant, The Hertz

Corporation, upon information and belief is a corporate entity with its principal place of business in the State of Florida and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about January 25, 2018, at or about 11:00 a.m., Plaintiff, June Knauf, was the operator of a motor vehicle, which was traveling westbound on Fayette Street between 3rd & 4th Avenue in Conshohocken, PA.

7. At or about the same date and time, Defendant, Richard Robert Stravato, was the operator of a motor vehicle, owned by Defendant, The Hertz Corporation, which was traveling on Fayette Street, at or around the aforementioned location of the Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

9. At all times relevant hereto, Defendant, Richard Robert Stravato, was operating the aforesaid Defendant, The Hertz Corporation, vehicle as an agent, servant and/or employee, acting within the scope of their agency.

10. The aforesaid motor vehicle collision was the result of Defendant, Richard Robert Stravato, negligently, recklessly and/or carelessly, operating his vehicle in such a manner so as to enter into Plaintiff's lane of travel, striking Plaintiff's vehicle.

11. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

12. As a result of the collision, Plaintiff suffered severe and permanent injuries, including neck, shoulder and back injuries, as are more fully set forth below.

## COUNT I
### June Knauf v. Richard Robert Stravato
### Negligence

13. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14. The negligence, recklessness and/or carelessness of the Defendant, Richard Robert Stravato, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Striking Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u. Being otherwise reckless, careless and/or negligent under the circumstances.

15. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including neck, shoulder and back injuries, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to her personal property, all to Plaintiff's great loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, June Knauf, prays for judgment in plaintiffs' favor and against Defendant, Richard Robert Stravato, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT II
### June Knauf v. The Hertz Corporation
### Negligent Entrustment

21. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

22. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting Defendant, Richard Robert Stravato, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Richard Robert Stravato, to operate the motor vehicle when Defendant, The Hertz Corporation, knew, or in the exercise of due care and diligence, should have known that Defendant, Richard Robert Stravato, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, The Hertz Corporation, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Richard Robert Stravato's negligent operation of the motor vehicle; and

   d. Otherwise negligently entrusting said vehicle to said individual Defendant, Richard Robert Stravato.

23. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including neck, shoulder and back injuries, all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, June Knauf, prays for judgment in plaintiff's favor and against Defendant, The Hertz Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### June Knauf v. The Hertz Corporation
### Respondeat Superior

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

29. The negligence, recklessness and/or carelessness of the Defendant, The Hertz Corporation, itself and by and through its agent, servant and/or employee, Defendant, Richard Robert Stravato, acting at all times relevant hereto within the scope of its agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Striking Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

    k. Disregarding traffic lanes, patterns, and other devices;

    l. Driving at a high rate of speed which was high and dangerous for conditions;

    m. Failing to remain continually alert while operating said vehicle;

    n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

    p. Failing to exercise ordinary care to avoid a collision;

    q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

    s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u. Being otherwise reckless, careless and/or negligent under the circumstances.

30. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent

personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including neck, shoulder and back injuries, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to her personal property, all to Plaintiff's great loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, June Knauf, prays for judgment in Plaintiffs' favor and against Defendant, The Hertz Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Jennifer Hoffman, Esquire